UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>    Plaintiff,                                   )<br>                                          )<br>    v.                                         )<br>                                          )<br>JOHN VAN VUGHT,                 )<br>    Defendant.                                ) | Docket No. 2:23-cr-49 |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because the case involves a serious risk that defendant will flee. *See* 18 U.S.C. § 3142(f)(2)(A).

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there are no conditions of release which will reasonably assure the defendant's appearance as required.

3. <u>Rebuttable Presumption</u>.  No rebuttable presumption applies in this matter.

4. <u>Time For Detention Hearing</u>.  The United States requests the court conduct the detention hearing upon completion of the pretrial services report.

5. <u>Other Matters</u>.  As set forth in the grand jury's indictment, the defendant is accused of wire fraud related to the embezzlement of approximately $560,000 from his former employer ValleyNet, Inc.

In early July of 2022, defendant Van Vught was confronted by ValleyNet leadership about the pattern of bank transfers related to the embezzlement.  Thereafter, on July 6, 2022, Van Vught told his wife that he was going to the bank, and then never returned home.  On July 11,

2022, Van Vught's wife received a package containing a power of attorney signed by Van Vught, and postmarked in Las Vegas, New Mexico. With this exception, Van Vught's wife had no other contacts with the defendant prior to his May 12th arrest in Brunswick, Georgia.

During his post-arrest interview, defendant Van Vught admitted to having embezzled funds from ValleyNet in a manner consistent with the allegations in the indictment. Van Vught also made admissions that he intentionally misrepresented accounting in his recent reconciliations in an attempt to coverup the embezzlement. Van Vught admitted that after the confrontation by ValleyNet leadership, he returned to his house, obtained over $20,000 of cash from his residence, and fled the state. Van Vught confirmed he traveled west, and initially intended to settle in New Mexico. Van Vught found it difficult to do so, and then transitioned to Brunswick, Georgia due to his familiarity with the area from his prior ownership of a vacation home on nearby Jekyll Island. Van Vught paid cash for his lodging at an extended-stay hotel, and had begun doing contract accounting work with an intent to stay in Brunswick indefinitely.

This was not the first time that defendant Van Vught fled after being accused of embezzlement. In 2002, Van Vught was accused of embezzling approximately $49,000 by his then-employer TDS Telecom over a six-month period. During a 2022 interview with the FBI, Van Vught's wife recalled that the defendant disappeared after the 2002 accusation for an extended period of time, and that the Chief of Police had to locate him through Van Vught's use of credit cards.[1]

---

[1] Archived news articles indicate that Van Vught was criminally charged with this embezzlement. *See* David W. Smith, *Northfield man is charged with stealing $49,000*, Times Argus (Aug. 3, 2002), *available at* https://www.rutlandherald.com/news/northfield-man-is-charged-with-stealing-49-000/article_319e8f7f-96a4-5974-9a80-f0680e0fa0e5.html. Van Vught's wife recalled that the defendant reached a settlement with TDS Telecom and state authorities that resulted in restitution and dismissal of the criminal charge.

The government submits that the factors outlined in 18 U.S.C. § 3142(g) warrant detention in this case. The government's case is very strong, including documentary records that clearly demonstrate embezzlement and a post-arrest interview in which the defendant made numerous inculpatory statements confirming his scheme. Defendant Van Vught has a history of fleeing to avoid the consequences of his criminal conduct, both in 2022 and in 2002. In both instances, defendant Van Vught proved willing to leave his family and cease contact with loved ones to facilitate his flight.

For these reasons, no conditions of release can be set to reasonably assure the appearance of the defendant at trial, and the government therefore requests that defendant Van Vught remain detained.

Dated at Burlington, in the District of Vermont, May 30, 2023.

Respectfully submitted,

NIKOLAS P. KEREST
United States Attorney

By:   */s/ Jonathan A. Ophardt*
Jonathan A. Ophardt
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725